IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JIAN JUN CHEN, ET AL. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No.: **PJM 15-966** |
| | * | |
| ZHANGWEI WU, ET AL. | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Jian Jun Chen and Anai Cheng Mei Lin ("Plaintiffs") have sued Zhangwei Wu and East Dumpling, LLC (collectively, "East Dumpling"), alleging violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. Plaintiffs and East Dumpling have now reached a settlement, and ask for the Court to approve the settlement and dismiss with prejudice all claims in the Complaint. For the reasons that follow, the Court **GRANTS** the Joint Motion for Settlement, ECF No. 11, and **DISMISSES WITH PREJUDICE** the remaining counts of the Amended Complaint, ECF No. 7, as to all Defendants.

I.

Factual and Procedural Background

East Dumpling is a restaurant in Rockville, Maryland. Zhangwei Wu is the sole proprietor and principal owner of East Dumpling. The Plaintiffs, who are married, began working at East Dumpling beginning in April and May of 2013. Plaintiff Chen was a cook; Plaintiff Lin was a hostess who also worked at the cash register and made drinks.

Plaintiffs allege that East Dumpling failed to pay each plaintiff some of the overtime compensation for hours that they worked in excess of 40 in the work week, and Plaintiff Lin further alleges that East Dumpling failed to pay her wages above the minimum wage. East Dumpling disputes that Plaintiffs were not adequately compensated, due to the value of the meals that they were provided, and the breaks that they were afforded. The parties also dispute whether Plaintiff Lin was a server, the value of the meals received, the circumstances under which the Plaintiffs' employment was terminated, and the number of hours worked.

Plaintiffs filed the Complaint on April 3, 2015, ECF No. 1, and an Amended Complaint on April 17, 2015.  Prior to the commencement of discovery, the Parties engaged in settlement negotiations, and on May 20, 2015, submitted the pending Joint Motion for Settlement, ECF No. 11. The parties, by Court order, supplemented the Joint Motion on July 8, 2015. ECF No. 15.

**II.**

Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically

employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

### III.

Bona Fide Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17.

The parties stipulate that, after exchange of informal discovery, there exist *bona fide* disputes between the parties. First, the parties dispute whether Plaintiff Lin was a server, and therefore a tipped employee, or if she was a hostess who did not receive tips. East Dumpling contends that Plaintiff Lin, as a tipped employee, received thousands of dollars in tips which she has not acknowledged in calculations of alleged overtime. In contrast to this, Plaintiffs assert that Plaintiff Lin received tips only in exchange for performing tipped duties 10% of the time. Second, the parties dispute the length of time when the Plaintiffs were released from work during the break in between meals. East Dumpling contends that Plaintiff Chen received a three hour

break per day in between lunch and dinner, and that Plaintiff Lin received a two hour break per day in between lunch and dinner, thereby reducing the number of hours they worked weekly. Third, the parties dispute whether the three meals per day and lodging provided to Plaintiffs should be credited towards Plaintiffs' compensation, and if so, at what value. Fourth, the parties dispute whether the Plaintiffs were terminated in retaliation for complaining about wage and hiring practices, and the parties stipulate that neither party has documentary evidence to substantiate their positions. Fifth, East Dumpling argues that, taking into account deductions for break periods and the fair value of meals, Plaintiffs are not entitled to any unpaid wages, which Plaintiffs dispute.

Accordingly, the Court finds that a *bona fide* dispute exists as to East Dumpling's liability under the FLSA, whose resolution would depend on both further factual development and rulings of law.

### IV.

### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, courts must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

The case is settling at an early stage; indeed, the parties do not represent that any formal discovery has taken place. In *Saman*, which settled at a similarly early stage, plaintiff's counsel averred that he had the opportunity through mediation to review wage/hour records of sufficient quantity and quality to determine the potential range of recovery in the case. *See Saman*, 2013 WL 2949047, at *3. On this basis, Judge Chasanow of this Court concluded that the parties had sufficient opportunity to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arms-length settlement negotiations. *See id.* (citing *Lomascolo*, 2009 WL 3094955, at *11). Counsel in the present case represent that the case has been actively litigated long before the filing of the Complaint in this Court. Plaintiffs hired private investigators, interviewed witnesses, and engaged in informal discovery and private settlement negotiations they engaged in informal discovery. The parties exchanged three detailed settlement correspondences in August 2014, and March and May 2015. The Court is therefore satisfied that the parties have had sufficient opportunity to evaluate their claims and defenses as to these disputed legal and factual issues and to engage in informed arms-length settlement negotiations.

Similarly, the Court finds no fraud or collusion in the proposed settlement, given the experience of Plaintiffs' counsel, the endorsement of settlement by counsel for both parties, and the quality of the filings submitted to date.

Finally, as to the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of each Plaintiff's claim is fair and reasonable under the circumstances. The proposed settlement is as follows: Plaintiff Chen will receive $12,333.34 for wage-based damages, and $12,333.34 for non-wage-based damages, for a total of $24,666.68. Plaintiff Lin will receive $4,333.34 for wage

based damages, and $4,334.34 for non-wage-based damages, for a total of $8,666.68. These awards will be subject to applicable taxes and deductions.

Plaintiff Chen claims that he is entitled to $32,335 in base salary and overtime, exclusive of interest and applicable penalties. Plaintiff Lin claims that she is entitled to $24,531.60 in base salary and overtime, also exclusive of interest and applicable penalties. Accordingly, Plaintiff Chen is receiving 76% of his claim, and Plaintiff Lin is receiving 35% of her claim. The Court notes that the amounts to be paid to Plaintiffs in the settlement agreement are significantly less than the value of the claims that Plaintiffs would be owed if, at trial, East Dumpling were to be found to have willfully violated the FLSA. But because it is disputed whether the Plaintiffs would be able to recover at all, let alone whether they would be able to recover liquidated damages, the parties have essentially agreed to split the difference by settling their claim for a significant portion of the wages they claim. Especially in light of the admitted lack of contemporaneous written documentation that would support Plaintiffs' overtime claims, as well as the difficult factual issues regarding Plaintiff Lin's status as a tipped employee, the Court finds this settlement reasonable under the circumstances.

Plaintiffs also agree to a general waiver of claims against East Dumpling. While some courts have held that an overly broad release provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint, *Saman*, 2013 WL 2949047, at *5 (citing cases), if the employee is compensated reasonably for the release executed, the settlement can be accepted, and the Court is not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *4 (D. Md. May 23, 2014). Here, as previously discussed, despite the weaknesses of their case, Plaintiffs will be compensated for a significant portion of their claimed

wages. Accordingly, the Court finds that the settlement reasonably compensates Plaintiffs for the release executed.

## V.

### Attorneys' Fees

The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane*, 2011 WL 3880427, at *3 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

Traditionally, in calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a reasonable hourly rate multiplied by hours reasonably expended. *Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *6 (D. Md. May 23, 2014) (citing *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task. *See Saman*, 2013 WL 2949047, at *7; Local Rule 109.2; Appendix B to the Local Rules.

Plaintiff's counsel Julie Oliver-Zhang has been a member of this Bar for five years, and her associate, Amanda Utterback, has been a member for one year. Per Appendix B, a presumptively reasonable rate for lawyers admitted to the bar for five to eight years is $165-$300, and for less than five years, $150-225. In order to facilitate settlement, counsel for Plaintiffs voluntarily reduced their rates to the lowest end of the Appendix B rates. Accordingly, the Court finds counsel for Plaintiffs' hourly rates to be reasonable.

Counsel for Plaintiffs filed billing statements indicating 161.96 hours billed. At their reasonable hourly rate, Ms. Oliver-Zhang incurred $24,599 in fees and Ms. Utterback incurred $1,930.50. Counsel for Plaintiffs also incurred $2,606 in costs. However, counsel for Plaintiffs, in the interest of reaching a settlement, agreed to reduce the attorneys' fee award by $12,470, to $16,666. At an hourly rate of $165, this amounts to a claim for about 101 hours reasonably expended.

The Court finds 101 hours a reasonable period of time for Plaintiffs' counsel, over the course of a year and a half, to have investigated the Plaintiffs' claims and interviewed witnesses, to have conducted legal research, drafted a Complaint and an Amended Complaint, and engaged in informal discovery and settlement negotiations. This is especially true in light of the lack of written documentation of the Plaintiffs' claims, the need to conduct interviews in multiple languages (Mandarin Chinese, Spanish), and the number of weeks of alleged unpaid overtime requiring investigation and research. Accordingly, the Court finds the attorney fee award in the proposed settlement to be reasonable.

**VI.**

Conclusion

For the foregoing reasons, the Court **GRANTS** the Joint Motion for Settlement and **DISMISSES WITH PREJUDICE** Counts I, II, III, IV, V, VI, VII, VII, and IX of the Amended Complaint. A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 15, 2015**